SBN 160,814

Ray K. Shahani, Esq.
Attorney at Law
Twin Oaks Office Plaza
477 Ninth Avenue, Suite 112
San Mateo, California 94402-1854
Telephone: (650) 348-1444
Facsimile: (650) 348-8655
Email: RKS@attycubed.com

Attorney for Plaintiff
MARION MARZOCCHI dba PRAPATA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION L. MARZOCCHI, individually and dba PRAPATA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TARA TIGER, INC., a California corporation, PAUL TIGER, an individual, DOROTHY PATRICIA MOLLER TIGER, an individual and DOES 1-10,<br><br>　　　　　Defendants. | Case No:　　C 12-04433 JSC<br><br>Honorable JACQUELINE SCOTT CORLEY<br><br>NOTICE OF MOTION AND MOTION TO STRIKE ANSWER OF CORPORATE DEFENDANT UNDER FRCP RULE 12; DECLARATION OF RAY K. SHAHANI<br><br>Hearing:<br><br>Date:　　December 27, 2012<br>Time:　9:00 AM<br>Place:　Court Room F-15th Flr. |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 27, 2012 , or a soon thereafter at the hour of 9:00 AM, or as soon thereafter as counsel may be heard, in the Courtroom F - 15th Floor, of U. S. District Magistrate Judge Jacqueline Scott Corley, 450 Golden Gate Avenue, San Francisco, CA, Plaintiff MARION MARZOCCHI DBA PRAPATA ART ("Marzocchi"), will and hereby does move the above-entitled Court for an order granting Plaintiff Marzocchi's motion to strike corporate defendant TARA TIGER, INC.'s Answer filed October 15, 2012 under FRCP Rule 12.

This motion is filed on the following grounds:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

\*   FRCP Rule 12 provides that the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter; and

\*   Tara Tiger, Inc., is not allowed to file an Answer because it's corporate status is SUSPENDED and inasmuch, it is not allowed to defend itself under Revenue and Taxation Code Section 23301.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Ray K. Shahani, the pleadings and papers on file with the Court herein, and such other evidence and law as may be presented to the Court at or before the time of the hearing.

///

MEMORANDUM OF POINTS AND AUTHORITIES

I. STATEMENT OF FACTS

On August 23, 2012, Marzocchi filed her Complaint in this action (Dkt. 1) against defendants Paul Tiger, Dorothy Patrica Moller-Tiger and Tara Tiger, Inc. for (1) Federal Copyright Violations, (2) DMCA Violations,(3) Unfair Business Practice, and (4) Breah of Contract.

On October 15, 2012, defendants Paul Tiger, Patricia Moller-Tiger and Tara Tiger, Inc., filed their Answer to the Complaint. (Dkt.11, Decl. Shahani Exhibit 1)

On October 28, 2012, 13 days later, Marzocchi's attorney Ray K. Shahani ("Shahani) sent an email to John Kirke, attorney for defendants ("Kirke"), explaining that inasmuch as his client Tara Tiger, Inc., was a suspended corporation, it was not allowed to defend itself in the lawsuit. Shahani also stated that unless the Answer was withdrawn, he would file this motion to strike the pleading by the suspended corporate defendant. (Decl. Shahani, Paragraph 4 and Exhibit 2)

On November 1, 2012, Kirke responded to Shahani in writing denying the fact that the current corporate status of his client was suspended, but rather, asserting that the status of his defendant was that of a "dissolved corporation". To support his position, Kirke attached un-notarized, un-filed and un-certified copies of California Secretary of State forms entitled "DOMESTIC STOCK CORPORATION CERTIFICATE OF ELECTION TO WIND UP AND DISSOLVE" dated January 1, 2018, and "DOMESTIC STOCK CORPORATION CERTIFICATE OF DISSOLUTION" dated July 18, 2011. (Decl. Shahani Paragraph 5 and Exhibit 3)

On November 5, 2012, Shahani responded to Kirke by email pointing out that the documents Kirke had sent to Shahani were not notarized or filed, and that Kirke failed to provide Shahani with any statutory or case law authority to support his contention that a dissolved corporation may defend an action. (Decl. Shahani Paragraph 6 and Exhibit 4)

On November 6, 2012, Kirke responded to Shahani's email stating that his clients "are in the process of correcting the status displayed on the Secretary of State website". (Decl. Shahani

Paragraph 7 and Exhibit 5)

Later that day, Shahani responded again to Kirke by email and asked him to provide evidence his clients were taking steps to update or correct their corporate status. Shahani received no further communications from Kirke on this subject (Decl. Shahani Paragraph 8 and Exhibit 6)

As of November 14, 2012, the California Secretary of State showed the corporate status of Tara Tiger, Inc., as "SUSPENDED". (Decl. Shahani Paragraph 8 and Exhibit 7)

## II. ARGUMENT

A. Motion to Strike Under Federal Rules of Civil Procedure Rule 12

FRCP Rule 12(f) states:

> Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

In the present case, Tara Tiger, Inc., served it's Answer on counsel for plaintiff on October 15, 2012. On October 28, Marzocchi demanded that Tara Tiger, Inc., withdraw it's Answer. As of November 14, 2012, i.e., more than 21 days after service of the Answer, Tara Tiger, Inc., has yet to withdraw it's Answer or change it's official corporate status with the Secretary of State.

B. Corporate Status May be Suspended Under Revenue and Tax Code Section 23301

Section 23301 provides, in relevant part, "the corporate powers, rights and privileges of a domestic taxpayer may be suspended" if it does not pay its taxes or any penalty or interest which may be owing.

C. Suspended Corporation May Not Defend Lawsuit

The suspension of the corporate powers, rights, and privileges means a suspended corporation cannot sue or defend a lawsuit while its taxes remain unpaid. *Gar-Lo, Inc. v. Prudential Sav. & Loan Assn.* (1974) 41 Cal.App.3d 242, 244, 116 Cal.Rptr. 389. The underlying purpose of this statute is to induce the corporation to pay its taxes. (Ibid.)

Under section 23301, a corporation suspended for the failure to pay its taxes is unable to exercise its "corporate powers, rights and privileges" which, as already stated, includes the right

to defend a lawsuit. Section 19719, subdivision (a), makes it a crime for any person "to exercise the powers, rights, and privileges of a corporation that has been suspended pursuant to Section 23301."

California Courts will deem the suspended corporation as no longer having a legal existence. *See*, *e.g.*, California Rev. & Tax. C. §23301 and California Corp. C. §1502. This means that it cannot sue, and in California, cannot defend itself when sued. *Grell v. Laci LeBeau*, 73 Cal. App. 4th 1300, 87 Cal. Rptr. 2d 358 (Cal. App. 1999) (failure to pay franchise taxes); *Palm Valley Homeowners Assn. v. Design MTC*, 85 Cal. App. 4th 533, 102 Cal. Rptr. 2d 350 (Cal. App. 2000) (failure to file corporate statement). Peacock Hill Assn. v. Peacock Lagoon Constr. Co., 8 Cal. 3d 369 (1972).

In the present case, it is undisputed that the California Secretary of State website indicates that Tara Tiger, Inc., is a SUSPENDED corporation. Tara Tiger has failed to provide any evidence that it has paid it's taxes, notarized or filed any documents for dissolution, submitted any request to dissolve, or otherwise take any action to resolve it's current corporate status. As such, Tara Tiger, Inc., may not legally defend itself in this action.

### III. CONCLUSION

For the reasons discussed above, Marzocchi respectfully requests this Court strike the answer on behalf of the corporate defendant Tara Tiger, Inc., and forbid any further appearance by the corporate defendant until and unless, at a minimum and under reservation of all other rights that do or may inure to plaintiff, it's good standing corporate status has been re-established.

Respectfully submitted,

RAY K. SHAHANI
ATTORNEY AT LAW

Dated: November 15, 2012          By:      /s/ Ray K. Shahani
                                           Ray K. Shahani, Esq.
                                           Attorney for Plaintiff GBC

## Declaration of Ray K. Shahani

1. I am an attorney licensed to practice law in the State of California and in the Federal District Court for the Northern District of California.

2. I represent MARION MARZOCCHI DBA PRAPATA ART ("Marzocchi") in this action and I have personal knowledge of each facts stated in this declaration.

3. On October 15, 2012, defendants Paul Tiger, Patricia Moller-Tiger and Tara Tiger, Inc., filed their Answer to the Complaint. (Dkt.11.) Exhibit 1 is a true and accurate copy of the Answer filed October 15, 2012.

4. On October 28, 2012, 13 days later, I sent an email to John Kirke, attorney for defendants, explaining that inasmuch as his client Tara Tiger, Inc., is a suspended corporation, it is not allowed to defend itself in the lawsuit. I also stated that unless the Answer was withdrawn, I wold file this motion to strike the pleading by the suspended corporate defendant. Exhibit 2 is a true and accurate copy of my email dated October 28, 2012.

5. On November 1, 2012, Mr. Kirke responded to me in writing denying the fact that the current corporate status was suspended but asserting that it was actually a dissolved corporation. Attorney Kirke attached un-notarized, un-filed and un-certified copies of California Secretary of State form entitled DOMESTIC STOCK CORPORATION CERTIFICATE OF ELECTION TO WIND UP AND DISSOLVE dated January 1, 2018, and form entitled DOMESTIC STOCK CORPORATION CERTIFICATE OF DISSOLUTION dated July 18, 2011. Exhibit 3 is a true and accurate copy of Mr. Kirke's letter dated November 1, 2012 and attachments.

6. On November 5, 2012, I responded to Mr. Kirke by email pointing out that the documens he sent me were not notarized or filed, and that he failed to provide me with any statutory or case law authority to support his contention that a dissolved corporation may defend an action. Exhibit 4 is a true and accurate copy of my email to Mr. Kirke dated November 5, 2012.

7. On November 6, 2012, Mr. Kirke responded to my email stating that his clients "are in the process of correcting the status displayed on the Secretary of State website". Exhibit 5 is a

true and accurate copy of Mr. Kirke's letter dated November 6, 2012.

        8.    Later that day, I responded again to Mr. Kirke by email and asked him to provide me with evidence his clients were taking steps to update or correct their corporate status. I have received no further communications from Mr. Kirke on this subject Exhibit 6 is a true and accurate copy of my email to Mr. Kirke dated November 6, 2012.

        9.    As of November 14, 2012, the California Secretary of State shows the corporate status of Tara Tiger, Inc. Is "SUSPENDED". Exhibit 7 is a true and accurate copy of a printout from the California Secretary of State website dated November 14, 2012.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  November 15, 2012            /s/ Ray K. Shahani
                                    Ray K. Shahani

Executed in San Mateo, California.