JOHN C. KIRKE, SBN 175055
johnk@donahue.com
ANDREW S. MACKAY, SBN 197074
andrew@donahue.com
DONAHUE GALLAGHER WOODS LLP
1999 Harrison Street, 25th Floor
Oakland, California 94612-3520
Telephone:  (510) 451-0544
Facsimile:  (510) 832-1486

Attorneys for Defendants
TARA TIGER, INC., PAUL TIGER and
DOROTHY PATRICIA MOLLER TIGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION L. MARZOCCHI, individually and dba PRAPATA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TARA TIGER, INC., a California corporation, PAUL TIGER, an individual, DOROTHY PATRICIA MOLLER TIGER, an individual and DOES 1-10,<br><br>　　　　　　　Defendants. | Case No: C 12-04433 JSC<br><br>**OBJECTIONS TO DECLARATION OF RAY SHAHANI RE PLAINTIFF'S MOTION TO STRIKE ANSWER**<br><br>Date:　December 27, 2012<br>Time:　9:00 AM<br>Ctrm:　F, 15th Floor<br>Judge:　Hon. Jacqueline S. Corley |

## Evidentiary Objections

Defendants Tara Tiger, Inc., Paul Tiger and Dorothy Moller Tiger (collectively "Defendants") hereby object to and move to strike the Declaration of Ray Shahani ("Shahani") filed with the Motion to Strike Defendant's Answer ("Motion to Strike").

In Shahani's declaration, Shahani fails to recite the specific language regarding perjury under the laws of the United States, as required by 28 U.S.C. § 1746, the only statute authorizing Plaintiff to submit Shahani's unsworn declaration as evidence in support of Plaintiff's Motion to Strike. Instead, Shahani's declaration refers to the perjury laws of the State of California. A promise to adhere to California law is insufficient to satisfy the statutory regime governing the submission of unsworn declarations in a United States District Court. 28 U.S.C. §1746. By explicitly referencing perjury laws of California while excluding the perjury laws of the United States, Shahani avoids implicating the federal statutes which safeguard the reliability of evidence submitted to this Court.

In addition, Defendants specifically object to the following statements made in Shahani's declaration:

1.  Paragraph 4. Shahani's threat to file a motion to strike the Defendant Tara Tiger Inc.'s Answer unless the Answer was withdrawn is irrelevant to Plaintiff's argument that the Defendant's Answer is defective. Irrelevant evidence is inadmissible. (Fed. R. Evid. 402).

2.  Paragraph 4. Shahani's comments that Tara Tiger, Inc. is a suspended corporation and unable to defend itself were made without personal knowledge of Tara Tiger Inc.'s corporate status. (Fed. R. Evid. 602).

3.  Paragraph 4. Shahani's belief that Tara Tiger, Inc. is unauthorized to defend itself is a legal opinion not within the typical knowledge of a lay witness. Shahani has not been offered or qualified as an expert to offer opinions on legal conclusions regarding corporate authority to act. (Fed. R. Evid. 702).

4.  Paragraph 5, Exhibit 3. Shahani's reference to John Kirke's ("Kirke") statements and the documents in Exhibit 3 are irrelevant to Tara Tiger, Inc.'s current standing with the Secretary of State. Irrelevant evidence is inadmissible. (Fed. R. Evid. 402).

5. Paragraph 5, Exhibit 3. Shahani's description of the documents in Exhibit 3 as "un-notarized, un-filed and un-certified copies" lacks personal knowledge. (Fed. R. Evid. 602).

6. Paragraph 6. Shahani's comments that Kirke failed to provide legal authority in Kirke's email to Shahani is irrelevant to the facts or arguments supporting Plaintiff's Motion to Strike. Irrelevant evidence is inadmissible. (Fed. R. Evid. 402).

7. Paragraph 6, Exhibit 4. Shahani lacks personal knowledge that the referenced documents are "un-notarized, unfiled, and uncertified." (Fed. R. Evid. 602).

8. Paragraph 8, Exhibit 6. Shahani's email sent to Kirke reproduced in Exhibit 6 is irrelevant to Plaintiff's argument that Defendants' Answer should be stricken. The fact that Kirke declined to respond to Shahani's email is also irrelevant to arguments in Plaintiff's Motion to Strike. Irrelevant evidence is inadmissible. (Fed. R. Evid. 402).

9. Paragraph 9, Exhibit 7. Exhibit 7 from the Secretary of State's website and Shahani's accompanying analysis are irrelevant because the past, one-time corporate status of Tara Tiger, Inc. with the California Secretary of State does not support Plaintiff's Motion to Strike. The information in Exhibit 7 is outdated and has been superseded by newer information. (Fed. R. Evid. 402).

At the hearing, Defendants will respectfully request the court to strike the Declaration of Ray Shahani because it fails the statutory requirement of 28 U.S.C. § 1746 that all unsworn declarations submitted to the court are made under penalty of perjury of the laws of the United States. In addition, Defendants will respectfully request the court to sustain the specific objections and to strike the evidence referred to above.

Dated: November 29, 2012

DONAHUE GALLAGHER WOODS LLP

By: _____
John C. Kirke
Attorneys for Defendants
TARA TIGER, INC., PAUL TIGER, and
DOROTHY PATRICIA MOLLER TIGER